UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT LAWRENCE CROWDER,

        Plaintiff,

v.                                                            Case No. 19-cv-1473-pp

PROGRESSIVE PARKING SOLUTIONS,

        Defendant.

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND ORDERING PLAINTIFF TO PROVIDE PROOF HE FILED AN ADMINISTRATIVE CLAIM BEFORE FILING THIS LAWSUIT**

On October 9, 2019, the plaintiff—who is representing himself—filed a complaint alleging that the defendant discriminated against him in his employment because of his race. Dkt. No. 1. The case was erroneously docketed as a suit under 42 U.S.C. §1983 (the statute that allows someone to sue an official of a *state government* for violating his constitutional rights); in fact, the plaintiff has sued a private employer for employment discrimination. While the plaintiff marked the box on page 4 of the complaint that indicted that he was suing under state law based on diversity of citizenship, id. at 4, it appears from the complaint that both the plaintiff and the defendant are Wisconsin citizens, id. at 1-2. It appears more likely that this federal court has what is called "federal question" jurisdiction, and that the plaintiff is suing under a federal anti-discrimination statute, bringing a Title VII employment discrimination claim based on race. See id. at 2; 28 U.S.C. §1331.

1

Along with his complaint, the plaintiff filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. Because the plaintiff did not complete the form and did not provide the court with the financial information it needs, the court cannot rule on this motion. The plaintiff also did not indicate whether, before he filed this federal lawsuit, he filed a Charge of Discrimination with the federal Equal Employment Opportunity Commission or a Fair Employment Complaint with the Wisconsin Department of Workforce Development Equal Rights Division (which a person must do before filing a Title VII lawsuit in federal court).

## I.     Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 2)

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The only parts of the four-page Non-Prisoner Request to Proceed in District Court Without Prepaying the Filing Fee form that the plaintiff completed were the first page and verification and signature on page 4. He did not complete pages 2 and 3, which are the pages that would tell the court how much income the plaintiff has, what expenses he has, what assets and property he owns and what financial circumstances make him unable to prepay the filing fee. Without that information, the court can't decide whether the plaintiff can pay the filing fee.

The court will deny without prejudice the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and give the plaintiff the opportunity to file an amended motion that is complete and contains all the requested information. The court will send along with this order a blank copy of the Non-Prisoner Request to Proceed Without Prepaying the Filing Fee form.

2

If the plaintiff does not file an amended motion in time for the court to receive it by the deadline the court sets below, the court will require the plaintiff to prepay the full filing fee before the case can proceed.

## II. Administrative Complaint

Assuming the plaintiff files an updated motion, the court must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that he is entitled to relief. Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id. The court must liberally construe the allegations of her complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The plaintiff has alleged that Jessica, a representative of the defendant, decided to fire him; she said it was because he was on his cell phone. Dkt. No. 1 at 3. The plaintiff believes that his rights were violated because he is African American; he says that a Caucasian employee was caught secretly using his cell phone and while that employee was disciplined multiple times, he wasn't fired. Id. The plaintiff says that he'd never been disciplined before for anything—he got fired for this one incident. Id. The court construes this claim as a claim that the defendant violated Title VII of the Civil Rights Act of 1964 by taking an adverse employment action based on the plaintiff's race.

3

"A plaintiff must file a charge of discrimination with an appropriate agency before [he] can file a lawsuit invoking the protections of Title VII." Majors v. GE, 714 F.3d 527, 536 (7th Cir. 2013) (citing 42 U.S.C. §2000e-5(e)(1); Laouini v. CLM Freight Lines, Inc., 586 F.3d 473, 475 (7th Cir. 2009)). "In Wisconsin, a plaintiff has 300 days from the alleged discriminatory act to file a complaint with the EEOC or the state Equal Rights Division." Calvin v. Sub-Zero Freezer Co., 697 F. App'x 874, 875 (7th Cir. 2017) (citing §2000e-5(e)); Johnson v. J.B. Hunt Transp., Inc., 280 F.3d 1125, 1128–29 (7th Cir. 2002)). "A plaintiff's failure to file a timely administrative complaint bars his suit." Calvin, 697 F. App'x at 875 (citing Salas v. Wis. Dep't of Corr., 493 F.3d 913, 921 (7th Cir. 2007)).

The filing of a timely complaint is not a jurisdictional prerequisite to suit in federal court; it normally is considered an affirmative defense. Mosley v. Board of Educ. of City of Chi., 434 F.3d 527, 533 (7th Cir. 2006). Dismissal for failure to file an EEOC charge may be warranted, however, where it is apparent that the plaintiff has failed to exhaust. See id.; James v. Get Fresh Produce, Inc., No. 18 C 4788, 2019 WL 1382076, *4 (N.D. Ill. Mar. 27, 2019) (dismissing after the plaintiff had an opportunity to amend because the plaintiff had not shown that he filed timely EEOC charge alleging racial discrimination).

The plaintiff states that he was fired on January 2, 2019. Dkt. No. 1 at 2. This means that he had until October 29, 2019 to file either a Charge of Discrimination with the EEOC or a Fair Employment Complaint with the State of Wisconsin Department of Workforce Development Equal Rights Division. If he filed with either one of those agencies, and the agency decided not to pursue the complaint on his behalf, he would have received either a Notice of Right to Sue letter (if he filed the complaint with the EEOC) or a notice of probable

cause/no probable cause (if he filed with the Wisconsin Equal Rights Division). When the plaintiff filed his complaint in district court (on October 9, 2019, ten days before his 300-day deadline to seek administrative relief expired), he did not attach to the federal complaint either a Notice of Right to Sue letter or a notice of probable cause/no probable cause. The plaintiff also did not mention whether he had filed an administrative complaint with either agency.

The plaintiff can't proceed on a federal discrimination lawsuit if he has not first filed an administrative complaint with the EEOC or the Wisconsin Equal Rights Division. The court will require that by the deadline the court sets below, the plaintiff must file with the court a copy of either his EEOC Notice of Right to Sue letter or his notice of probable cause/no probable cause from the Wisconsin Equal Rights Division, showing that he filed a complaint with one of those organizations before he filed this federal lawsuit. If the plaintiff does not file proof that he first tried to resolve his claim through the EEOC or the Wisconsin Equal Rights Division before coming to federal court, the court will be required to dismiss the case.

### III. Conclusion

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that by the end of the day on **March 26, 2021**, the plaintiff must file an amended, *completed* motion for leave to proceed without prepaying the filing fee, including all of the information requested by the form. The plaintiff must file the form in time for the court to *receive* it by the end of the day on March 26, 2021. If the plaintiff does not file the amended motion by the end of the day on March 26, 2021 the court will require him to pay the full filing fee before the case can proceed.

The court **ORDERS** that by the end of the day on **March 26, 2021**, the plaintiff must file with the court either a Notice of Right to Sue letter from the EEOC or a notice of probable cause/no probable cause from the Wisconsin Equal Rights Division. The plaintiff must file the document in time for the court to *receive* it by the end of the day on March 26, 2021. If the plaintiff does not provide the court with one or the other of those notices by the end of the day on March 26, 2021, the court will dismiss the case for failure to exhaust administrative remedies.

Dated in Milwaukee, Wisconsin this 23rd day of February, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**