UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT LAWRENCE CROWDER,

        Plaintiff,

v.                                      Case No. 19-cv-1473-pp

PROGRESSIVE PARKING SOLUTIONS,

        Defendant.

**ORDER GRANTING PLAINTIFF'S AMENDED MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 6); CONCLUDING THAT PLAINTIFF HAS STATED A TITLE VII EMPLOYMENT DISCRIMINATION CLAIM; ORDERING SERVICE AND ORDERING DEFENDANT TO FILE RESPONSIVE PLEADING**

On October 9, 2019, the plaintiff (representing himself) filed a complaint alleging that the defendant, his former employer, violated his rights based on his race. Dkt. No. 1. The complaint did not indicate whether the plaintiff had filed a Charge of Discrimination with the federal Equal Employment Opportunity Commission or a Fair Employment Complaint with the Wisconsin Department of Workforce Development Equal Rights Division before filing the lawsuit. On February 23, 2021, the court issued an order giving the plaintiff a deadline of March 26, 2021 by which to file either a Notice of Right to Sue letter from the EEOC or a notice of probable cause/no probable cause from the Wisconsin Equal Rights Division. Dkt. No. 5. On March 11, 2021—well before the deadline the court had set—the court received from the plaintiff an initial

1

determination of no probable cause from the Wisconsin ERD, dated June 7, 2019. Dkt. No. 7.

Along with his October 9 complaint, the plaintiff filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. On February 23, 2021, the court denied without prejudice that motion without prejudice because the motion did not provide the court with enough information. Dkt. No. 5. The court gave the plaintiff the same deadline—March 26, 2021—by which to file an amended completed motion, <u>id.</u>, which the plaintiff filed on March 11, 2021, dkt. no. 6.

## I.   Amended Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 6)

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

The plaintiff states that he is employed, unmarried and has no dependents. Dkt. No. 6 at 1. He works for Infinite Shield in West Allis, Wisconsin and has a monthly income of $2,150. <u>Id.</u> at 2. The plaintiff has monthly payments of $800 for rent, $250 for his vehicle, $500 for general household expenses and $100 for car insurance. <u>Id.</u> at 2-3. He owns a 2007 Chevrolet Impala worth an estimated $3,000 and has about $400 in savings. <u>Id.</u> at 3. As for any other circumstances relating to his finances, the plaintiff noted, "I have a lot of debt with bill collectors and that's why my income is insufficient." <u>Id.</u> at 4.

The plaintiff reports monthly income of $2,150 and $1,650 in monthly expenses, resulting in a $500 monthly surplus. Someone who has $500 left over each month after he pays his bills ought to be able to pay a $400 filing fee for a lawsuit. But the plaintiff says that he has debts with bill collectors—debts that he has not listed as part of his monthly expenses. The court has questions about why the plaintiff has not provided more information about these debts, but at this point, the court will allow the plaintiff to proceed without prepaying the filing fee.

This does not mean that the plaintiff does not owe the filing fee; the Seventh Circuit has held that "every . . . person who proceeds [without prepaying the filing fee]" is "liable for the full fees," because "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the pre-payment of fees." Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997); see also Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without prepayment of fees,' but not without *ever* paying fees."). The plaintiff must pay the $400 filing fee over time as he is able to do so.

**II.   Screening**

The court must also decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the

3

claim" showing that he is entitled to relief. Federal Rule of Civil Procedure 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id. The court must liberally construe the allegations of her complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

    A.    Facts Alleged in the Complaint

The complaint states that the plaintiff was employed by the defendant, a valet parking company. Dkt. No. 1 at 2. He says that on January 2, 2019, he was discharged as an employee of the defendant. Id. The plaintiff alleges that Jessica Berlin, an assistant manager of the defendant, approached him and escorted him to a table at Aurora Sinai Medical Center on North 12th Street in Milwaukee,[1] where they had a discussion about the day before when the plaintiff accidentally had taken home a customer's car key. Id. The plaintiff says that during this conversation, Berlin mentioned that a customer had said that the plaintiff was on his phone; he says the defendant had a rule not to have any cell phone usage. Id. at 2-3. The plaintiff alleges that as a result of his cell phone use, Berlin terminated him as an employee. Id. at 3.

---

[1] The plaintiff does not explain how he and a coworker ended up at a hospital several miles from his employer, or why they were there.

4

The plaintiff says he feels that his rights were violated because he is African American; he says that a Caucasian employee recently had been caught on his cell phone before the plaintiff was discharged. Id. The plaintiff says that this employee was disciplined "for it multiple times but never" discharged. Id. The plaintiff asserts that he had never been disciplined for anything—he got fired for this one incident. Id. The plaintiff filed a Fair Employment Complaint with the State of Wisconsin Department of Workforce Development Equal Rights Division and received a notice of no probable cause on June 7, 2019. Dkt. No. 7.

The plaintiff seeks money damages, but says that the lawsuit isn't about money. Id. at 4. He says he feels humiliated and that potential employers have looked at him differently when they found out what happened to him. Id.

B.   Analysis

Title VII of the Civil Rights Act of 1964 says that "an employer may not discriminate based on 'race, color, religion, sex, or national origin.'" Abrego v. Wilkie, 907 F.3d 1004, 1012 (7th Cir. 2018) (quoting 42 U.S.C. §2000e-2(a)). Title VII provides a cause of action against an employer, not an individual supervisor. Williams v. Banning, 72 F.3d 552, 555 (7th Cir. 1995). 42 U.S.C. §1981 "guarantees equal rights to all citizens regardless of race and in the context of employment provides that all people have the 'same right . . . to make and enforce contracts . . . as is enjoyed by white citizens.' 41 U.S.C. § 1981(a)." Morris v. BNSF Railway Co., 969 F.3d 752 (7th Cir. 2020). "[B]oth statutes 'have the same liability standards.'" Id. (quoting Walker v. Abbott

5

Labs., 340 F.3d 471, 474 (7th Cir. 2003)). See also, Yancick v. Hanna Steel Corp., 653 F.3d 532, 544 (7th Cir. 2011). The plaintiff has alleged that his employer discriminated against him based on his race, which is prohibited by Title VII and §1981. Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty., 804 F.3d 826, 833 (7th Cir. 2015).

Based on the complaint, the plaintiff likely seeks to bring a claim for employment discrimination under Title VII. To state a *prima facie* case of employment discrimination, the plaintiff's complaint must assert that: "(1) the employee is a member of a protected class, (2) []he was meeting the employer's legitimate expectations, (3) []he suffered an adverse employment action, and (4) similarly situated employees outside of the protected class were treated more favorably." Langenbach v. Wal-Mart Stores, Inc., 761 F.3d 792 (7th Cir. 2014).

The plaintiff has asserted that he is African American; race is a protected class under Title VII, 42 U.S.C. §2000e-2(a)). He asserts that a Caucasian person who did what he did—used his cell phone—was treated more favorably than he was. The plaintiff implies that he was meeting his employer's expectations when he says that he'd never been disciplined before. And he suffered an adverse employment action—he was terminated by his employer. The court concludes that the plaintiff has stated a claim for employment discrimination under Title VII.

### III. Conclusion

The court **GRANTS** the plaintiff's amended motion for leave to proceed without prepaying the filing fee. Dkt. No. 6.

The court **CONCLUDES** that the plaintiff's complaint states a claim for employment discrimination. Dkt. No. 1.

The court **ORDERS** that the United States Marshal shall serve a copy of the complaint and this order on the defendant under Fed. R. Civ. P. 4. The court advises the plaintiff that Congress requires the U.S. Marshals Service to charge for making or attempting service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because indigent plaintiffs do not have the funds to pay filing fees, it has not made any provision for these service fees to be waived by either the court of the U.S. Marshals Service.

The court **ORDERS** that the defendants must answer or otherwise respond to the complaint within the time allowed by the Federal Rules of Civil Procedure.

The court **ORDERS** that plaintiff must submit all correspondence and pleadings to

> United States District Court
> Office of the Clerk
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the case.

The plaintiff must communicate only with the defendant's lawyer. The parties may not begin discovery (asking each other for documents or information about the allegations) until after the defendant has answered or otherwise responded and the court has issued a scheduling order setting deadlines for completing discovery and filing dispositive motions. The plaintiff should keep a copy of every document he files with the court. If the plaintiff's address changes, he must notify the court immediately; if he doesn't, he may not receive important notices and documents relating to his case. If the plaintiff does not file documents by the deadlines the court sets, the court could dismiss his case for failure to diligently prosecute it. Civil Local Rule 41(c) (E.D. Wis.).

Dated in Milwaukee, Wisconsin this 18th day of May, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**